Jarnagin v. Stratton.

## JARNAGIN v. STRATTON.

*(Knoxville.* November 15, 1895.)

BILLS AND NOTES. *Notice to indorsers.*

One of two joint indorsers of a note is bound by notice of non-payment given to himself alone, under our statutes making all joint obligations and promises joint and several, and subjecting joint obligors, including indorsers of negotiable paper, to several suits.

Code construed: §§ 3484, 3486 (M. & V.); §§ 2787, 2789 (T. & S.).

FROM WASHINGTON.

Appeal in error from Circuit Court of Washington County. ANDREW J. BROWN, Judge.

ISAAC HARR and CRUMLEY & CRUMLEY for Jarnagin.

KIRKPATRICK, WILLIAMS & BOWMAN for Stratton.

SNODGRASS, C. J. The plaintiff in error, who was plaintiff below, sued the defendant as indorser of the following note:

"$2,500. DULUTH, MINN., Feb. 28, 1893.

"July 15, 1893, after date we promise to pay to the order of F. H. Stratton and T. F. Singiser

twenty-five hundred dollars, payable at the Iron Exchange Bank, Duluth, Minn., value received, with interest at the rate of six per cent. per annum.

"A. R. MERRITT,

"E. T. MERRITT."

"Indorsed: T. F. SINGISER,

"F. A. STRATTON."

This note had been presented by Stratton to the City Savings Bank of Chattanooga, indorsed as above shown, for discount, and he received the money thereon. The note was sent to the bank at Duluth for collection, was not paid, and duly protested, notice thereof being given to Stratton alone. The City Savings Bank assigned, and its assignee brought this suit against Stratton. He resisted payment, on the ground that both he and Singiser were discharged by reason of the failure to give Singiser notice. The Circuit Court held him not liable, and the plaintiff appealed in error.

Here, the argument is made for Stratton that he was a joint indorser of the paper with Singiser, and that his obligation as such was a joint obligation, and notice to his co-obligor was essential to bind him. On the contrary, it is insisted by plaintiff that, treating him as a joint indorser, notice to his co-obligor was not essential to bind him, but notice to one joint indorser was sufficient. There is very persuasive and respectable authority for this proposition. *Dodge* v. *Bank*, 2 A. K. Marshall (Ky.), Rep., 917; *Higgins* v. *Morrison's Exr.*, 4 Dana, 100.

But the weight of authority is that (except in case of partners) notice to one joint indorser is not sufficient to bind either.   Story on Prom. Notes, §§ 239, 255; 3 Kent, Sec. 44, p. 105, and note; Tiedeman on Com. Paper, § 336; 1 Daniel on Neg. Inst., §§ 594, 595; 2 Daniel on Neg. Inst., § 999 *a*; 1 Parsons on Notes and Bills, Ch. 12, p. 502.

So, if the question stood only as put on the right of defendant as joint indorser, the judgment would be sustained by the weight of authority; whether by the weight of reason, and treated by us as controlling, we need not now determine, for plaintiff's right of recovery does not depend on the question thus settled, if it is assumed to be settled, by the principles of the common law.

Our statute provides that "all joint obligations and promises are made joint and several, and the debt or obligation shall survive against the heirs and personal representatives of deceased obligors as well as against the survivors, and suits may be brought and prosecuted on the same against all or any part of the representatives of deceased obligors as if such obligations and assumptions were joint and several."   Code (M. & V.), § 3486.

In addition to this statutory creation of joint and several liability on joint obligations and promises, with its added right of suit, another section provides for right of suit only, as follows: "Persons jointly or severally, or jointly and severally bound on the same instrument, or by judgment, de-

cree, or statute, including the makers and indorsers of negotiable paper and sureties, may all, or any part of them, be sued in the same action." Code (M. & V.), § 3484.

This latter section (which is first in order of Code arrangement) relates alone to procedure. The first quoted relates not only to procedure, but fixes the right. It must be given its full legal effect; and its effect is to make defendant not only a joint but several indorser with Singiser; not only a joint obligor but a several obligor in the liability of indorser assumed by his indorsement.

The authorities and cases by them referred to sustaining proposition advanced, that a joint indorser is not bound unless all are notified, deal with issues where the questions are as to presentment and demand of joint makers of a note and as to notice to joint indorsers, as to which, on these questions, the rules of law are practically the same; but our statute divests such an indorsement of its character of joint indorsement, and makes it joint and several, just as the joint note of the makers is made joint and several. Respecting such a note, Mr. Story says: "Where the note is the several as well as the joint note of the makers, the holder is at liberty to elect upon whom he will make the demand and presentment." Story on Prom. Notes, § 256. To the same effect, see 1 Danl. Neg. Inst., § 596. The reason of the rule in both cases is the same. It is only necessary to make demand

Jarnagin v. Stratton.

in the one case of all the makers, where they are joint makers, and to give notice to all the indorsers, where they are joint indorsers, to bind those notified. If they are joint and several indorsers, notice to any one is sufficient to bind him.

It follows that defendant, Stratton, is bound, and the judgment of the Circuit Judge to the contrary is reversed, and judgment will be rendered here against him and for all costs.