L. L. NORTHRUP, Plaintiff in Error, v. HARRISON, CHAMBERS et al., Defendants in Error.

### Kansas City Court of Appeals, June 3, 1901.

1. **Bills and Notes: INDORSEMENT: LAW: STATUTE.** At common law, promissory notes are not assignable and indorsable, and the statute did not make them so until long after the reign of James the First.

2. ———: ———: ———: ———: JOINT CONTRACTS. Section 889, Revised Statutes 1899, relates only to contracts which were joint only at common law, and makes the obligors jointly and severally liable, and does not apply to the obligation of joint indorsers of promissory notes.

3. ———: ———: ———: ———: ———. Section 897, Revised Statutes 1899, relating to compounding with and releasing one or more of several joint debtors has no preference to joint indorsers of a promissory note.

4. ———: JOINT INDORSERS: PROTEST: RELEASE. The obligations of joint indorsers of a promissory note are determined by the rules of the common law applicable to joint contracts in general, and where there is a failure to fix by protest one of such indorsers, all the indorsers are released.

Error to Jackson Circuit Court.—*Hon. E. P. Gates,* Judge.

AFFIRMED.

*Harkless, O'Grady & Crysler* for plaintiff in error.

(1) Our statute expressly provides that all contracts, which by the common law are joint only, shall be construed to

be joint and several. R. S. 1889, sec. 2384, p. 607. (2) The statutes further provide that any creditor of joint or several debtors may compound with any one or more of them on such terms as he sees fit and release any one from liability, without impairing his rights against the balance. This section of the statute needs no construction as applied to this case, for it construes itself. Hill v. Alexander, 77 Mo. 303; Baker v. Hunt, 88 Mo. 405. (3) How can it be said that because the holder of a note has failed in an honest attempt to hold one indorser, that the others are to be released, when a vuluntary and intentional contract to release, would not work that result under the same status. Jarnigen v. Stratton, 95 Tenn. 619; 1 Daniel Neg. Inst., sec. 596. (4) At the common law, many old authorities held that the failure to hold one joint indorser or the release of one joint indorser, would operate to discharge the others. Shepherd v. Hawley, 1 Conn. 367; Willis v. Green, 5 Hill 232; 2 Daniel Neg. Inst., sec. 999a; Hubbard v. Matthews, 54 N. Y. 49; Beals v. Peck, 12 Barb. 251; Gantt v. Jones, 1 Cranch C. C. 210; Randolph Com. Paper, p. 270; Bank v. Beirne, 1 Gratt 266; Bank v. Keech, 26 Md. 524; Sayre v. Frick, 7 Watts & S. 383; Dabney v. Tidger, 4 Sm. & M. 749; Boyd v. Orton, 16 Wis. 495; User v. Trovener, 7 Ohio St. 287. But this was upon the old law of joint contracts. Our statute has expressly provided that all such contracts are now several, and these old decisions have no application whatever.

*Gage, Ladd & Small* for defendant in error E. L. Martin.

*Warner, Dean, Gibson & McLeod,* for defendant in error H. M. Holden.

(1) That the liability of an indorser upon a negotiable promissory note, named as payee therein, is merely conditional

and collateral to that of the maker until fixed by steps required by law, *i. e.*, presentment at maturity and upon non-payment, protest and due notice, is elementary. Stix v. Matthews, 63 Mo. 371; Bank v. Heuschen, 52 Mo. 209; Clark v. Barrett, 19 Mo. 39; Daniel Neg. Inst., sec. 704. (2) The note in this case, being payable by its terms to five joint payees and by them jointly indorsed, the neglect by the holder to mature the conditional liability of all of the indorsers by due notice of protest to each one must operate to release all, for the release in this manner of any one throws the whole debt upon the remaining four, and the right of contribution of the four, if they are compelled to pay, is lost as against the one so released. This doctrine has been recognized in a number of cases and is laid down as a correct rule of law by all text-writers. Shepherd v. Hawley, 1 Conn. 365; Willis v. Green, 5 Hill 232; 2 Daniel on Neg. Instruments, sec. 999a; Hubbard v. Matthews, 54 N. Y. 49; Beals v. Peck, 12 Barb. 251; Gantt v. Jones, 1 Cranch C. C. 210; 3 Randolph on Com. Paper, p. 270; Bank of United States v. Beirne, 1 Gratton 266; Bank of Baltimore v. Keech, 26 Md. 524; Sayre v. Frick, 7 Watts & Sergeant, 383; Dabney v. Tidger, 4 Smeedes & M. 749; Boyd v. Orton, 16 Wis. 495; User v. Trovenger, 7 Ohio St. 287. (3) The question does not seem to have been directly passed upon in this State, but the principle has been recognized in several cases: thus in Bank v. Hatch, 78 Mo. 24; Grube v. Stille, 61 Mo. 475; Eggemann v. Henschen, 56 Mo. 124; R. S. 1889, sec. 8349; Wilkerson v. Sampson, 56 Mo. App. 280; Frost v. Tracy, 52 Mo. App. 308. (4) It is submitted (a) that the above section numbered 2384 has no bearing nor operation upon a joint blank indorsement such as the one under consideration in this case, and that that contract remains as it was when made —a joint conditional contract, and nothing more; and (b) that the above numbered section 2392 does not apply to the case

under consideration, and that plaintiff's view of it is erroneous for several reasons. R. S. 1889, sec. 733; Bank v. Hunt, 25 Mo. App. 174; Bailey v. Smock, 61 Mo. 218. The common law was adopted in this State in 1816, and by the terms of Revised Statutes 1889, section 6561. Stagg v. Linnenfelser, 59 Mo. 339; Story on Prom. Notes, 125, 239, note; Daniel on Neg. Insts., 684; Baker v. Hunt, 88 Mo. 410; Eggemann v. Henschen, 56 Mo. 123; Bank v. Schmucker, 7 Mo. App. 171; Clark v. Barrett, 19 Mo. 39.

BROADDUS, J.—This is a suit on a negotiable promissory note against Harrison Chambers as receiver of the Excelsior Springs Company, the maker, and against the other defendants, who were joint payees, as joint indorsers. The note reads as follows, to-wit:

"$2,500.            Kansas City, Mo., July 14, 1893.

"Four months after date the Excelsior Springs Company promises to pay to the order of H. M. Holden, J. S. Chick, L. R. Moore, E. L. Martin and S. F. Scott, twenty-five hundred dollars for value received, payable at the National Bank of Kansas City, Missouri, with interest from maturity at the rate of eight per cent per annum.

(Signed.)            "EXCELSIOR SPRINGS COMPANY.

                                "By H. M. Holden."

The indorsement on the back of the note is as follows, to-wit:

"H. M. Holden,    J. S. Chick,        L. R. Moore,
"E. L. Martin,    S. F. Scott.

"Protested for non-payment November 17, 1893.

                        "WM. L. STOCKING, Notary."

The cause was dismissed as to defendant Chambers, receiver of the Excelsior Springs Company, before trial. De-

fendant Holden filed an answer in the nature of a general denial and plea of payment. Defendant Chick answered by a general denial. Defendant Moore answered to the first petition, but did not answer the amended petition on which the case was tried. The defendant Martin filed an answer in the nature of a general denial, pleading payment. The defendant Scott made default.

Judgment was rendered against defendants J. S. Chick and S. F. Scott. The finding of the court was in favor of defendants Holden and Martin against plaintiff, from which finding the plaintiff has taken this writ of error. L. L. Northrup, Sr., was the first indorsee of the note and it is admitted that the plaintiff lawfully became the second holder and owner thereof. The note was shown to have been entitled to the following credit, viz.: "July, 1894, of $83.08; and on March 23, 1895, $1,300, paid by J. S. Chick." On the evidence, the court found that protests was not properly made upon the defendant L. R. Moore, but was made as to the other defendants.

The only question before this court is, did the failure to protest against L. R. Moore, one of the joint indorsers, in law have the effect to release the other joint indorsers? It is contended that under a proper construction of the statutes of Missouri that the release of one of the joint indorsers did not have the effect to release the other joint indorsers because their undertaking under said statute was not only joint but several; and the release of one joint obligor did not release the other joint obligors or indorsers. Section 889, Revised Statutes 1899, is as follows, to-wit: "All contracts which by the common law are joint only, shall be construed to be joint and several." Section 897, idem, reads as follows: "It shall be lawful for every creditor of two or more debtors, joint or several, to compound with any and every one or more of his debtors for

such sum as he may see fit, and to release him or them from all further liability to him for such indebtedness, without impairing his right, to demand and collect the balance of such indebtedness from the other debtor or debtors thereof and not so released: Provided, that no such release shall impair the right of any debtor of such indebtedness not so released, to have contribution from his co-debtors, as by law now secured to him."

It was held in Stagg v. Linnenfelser, 59 Mo. 336, that under the common law of England promissory notes were incapable of being transferred and were not within the custom of Merchants. The fact that such was the holding of the English courts, which gave rise to the statute of 4 Anne, which after calling attention to the holding of said courts, made promissory note "assignable or indorsable over, in the same manner of inland bills of exchange, according to the law merchant." As promissory notes were not assignable and indorsable at common law, but were made so by the statute referred to and long after the reign of James the First, said section 889, supra, which relates to common-law contracts only, does not include the contract of the defendant indorsers.

There has been no case called to our attention in this State upon the question involved. We are cited by appellant to the case of Jarnigen v. Stratton, 95 Tenn. 619 (32 S. W. Rep. 625), where it was held under the Tennessee code, making all obligations joint and several, that an indorser on a note, who has notice of non-payment and protest, is not discharged because such notice is not given to other indorsers. But under said code all obligations and promises are made joint and several, whereas, our statute, as we have seen, only makes common-law contracts which are joint, several. If we are to follow the case of Stagg v. Linnenfelser, supra, the obligations of joint

Northrup v. Chambers.

indorsers are contractual, or, to be more specific, their liability under their undertaking is to be determined by the rules of the common law applicable to joint contracts in general. Shepherd v. Hawley, 1 Conn. 367; Hubbard v. Matthews, 54 N. Y. 49; Gantt v. Jones, 1 Cranch C. C. 210; Bank of Beirne, 1 Gratt. 266; Bank v. Keech, 26 Md. 524; Dabney v. Tidger, 4 Sm. & M. 749, and numerous other authorities.

But the appellant contends that the case is to be determined upon a construction of section 897, supra, if section 889, supra, has no application. Said section, in our opinion, is applicable only in instances where a creditor of two or more joint debtors, for a consideration, compounds, that is, contracts with one or more of them and releases that one or them from all further liability. This seems to be its plain meaning. No other kind of release is alluded to. The statute expressly relates to a compounding with and a releasing of one or more joint debtors by a creditor, and nothing more. The rule of *expressio unius est exclusio alterius; expressum facit cessare tacitum,* applies. In this case there was no compounding of any part of the debt and no release by agreement, but the release was one of law arising out of the failure to protest.

Finding no error in the finding and judgment of the trial court, the cause is affirmed. All concur.