## No. 2316.

## JOHN McCONNELL v. W. B. WALL.

1. ACTION—COUNTY TREASURER.—It would seem that all actions brought by a county treasurer to recover debts due his county (Rev. Stat., 995) should be brought in the name of the county (Rev. Stat., 1200).
2. SAME.—If the county commissioners court, acting within the sphere of its authority, makes a contract through which money does not become due the county so soon as it ought, the county treasurer can not correct such mistake of the court by an action against the judge to whom the commissioners court has confided the duty of carrying out the contract, to compel the judge to pay over to the treasurer money not received, and which, under the terms of the contract, the county was not then entitled to receive.

APPEAL from Houston. Tried below before the Hon. Anson Rainey.

*Nunn & Denny,* for appellant: On their proposition that the plaintiff being the lawful custodian of the public funds of his county, and being entitled to certain commissions for receiving and disbursing the same, had the right to protect himself and his office by suit, if necessary, in his privileges, rights and perquisites, and to prevent unlawful interference therewith, or with the proper discharge of his duties and obligations as a public official, cited Beard v. The City of Decatur, 64 Texas, 10; Jennett v. Owens, 63 Texas, 262; Anson Jones v. Shaw & Swisher, 15 Texas, 578; 5 Wait's Actions and Defenses, 265.

*Maxcy & Maxcy* and *W. B. Wall,* for appellee.

Stayton, Associate Justice. This action was brought by the appellant as county treasurer of Houston county, against W. B. Wall, county judge of that county, to recover money which he alleged belonged to the county, and was by the defendant unlawfully detained. It appears that Houston county found it necessary to issue and sell bonds to raise money to erect a court house and jail in place of like buildings destroyed by fire. The county sold twenty thousand dollars of bonds for this purpose, but the bonds were not delivered at the time some of the parties contracted for them, and the money was not paid until the bonds were delivered, though they were made to bear interest before the date of the delivery. The proceeds of all the bonds, except some amounting to twenty-five hundred dollars, were paid to the appellant before the institution of this suit.

Bonds for five thousand dollars were sold to the Houston County bank, under an agreement between the bank and the commissioners court that they should be paid for as the money was needed in the erection of the court house and jail. The bonds were sold at par, and one-half of their proceeds was paid to the appellant before this suit was instituted, but the residue was afterwards paid.

The county commissioners court has control of the financial affairs of a county, and if it makes contracts through which money does not become due to it so soon as it ought, the county treasurer can not correct its mistakes or bad management by an action against a county judge to whom the commissioner's court has confided the duty of consummating an authorized contract, to compel such an official to pay over to him money not re-

ceived, and which under the contract the county was not then entitled to receive.

The appellee was acting under the instructions of the county commissioners court, in selling the bonds to the bank, and paid to the treasurer before this action was instituted, all the money received under contract, or which, under the contract the county was entitled to receive before that time.

It is made the duty of county treasurers "to direct prosecutions according to law for the recovery of all debts that may be due his county, and superintend the collection thereof" (Rev. Stat., art. 995), but it would seem that all such suits should be brought in the name of the county. (Rev. Stat., art. 1200.)

The evidence does not tend to show that the appellee withheld from the appellant, at the time this action was brought, any money which the latter was entitled to have, and the court correctly instructed a verdict for the defendant.

The sale of the bonds to the Houston County bank seems not to have been made by written contract, though some memorandum or receipt for the bonds seems to have been executed by the bank. Under this state of facts there was no error in admitting the evidence introduced to show the terms of sale.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered February 4, 1887.