**CHAPMAN, Com'r of Insurance & Banking, et al. v. EASTLAND COUNTY.**

(No. 1601.)

(Court of Civil Appeals of Texas. El Paso. March 20, 1924. Rehearing Denied April 10, 1924.)

1. **Banks and banking** &#x26AB;15—**County may sue in corporate name to establish county funds as general deposit payable from depositors' guaranty fund.**

A county, as owner of funds deposited in a bank closed for liquidation by the banking commissioner, may sue in its corporate name, under Rev. St. art. 1835, to establish such funds as a general deposit payable from the depositors' guaranty fund; it being unnecessary that the county treasurer bring such suit.

2. **Appeal and error** &#x26AB;931(4)—**Evidence presumed to support finding favorable to appellee's right to sue.**

In the absence of a finding that school funds, sought to be established by a county as a general deposit payable from the depositors' guaranty fund, had been distributed to the several districts, the appellate court may presume that the evidence supports a finding to the contrary, so as to make the county the proper party plaintiff.

3. **Banks and banking** &#x26AB;15—**County proper plaintiff in action to establish school funds not credited to districts as general deposit payable from guaranty fund.**

The county is the proper party plaintiff, in an action to establish school funds, deposited in a bank closed for liquidation by the banking commissioner, as a general deposit payable from the depositors' guaranty fund, where they have not been segregated and credited to the several districts, though apportioned on the books, especially in the absence of a plea in abatement under Rev. St. art. 1906.

**4. Banks and banking ⬗15—Petition held not subject to general demurrer or special exception for absence of allegation that suit on claim rejected by banking commissioner was filed in time.**

A petition, alleging that claims against the depositors' guaranty fund were filed on a certain date and that the banking commissioner rejected them or refused to pass on them, which was tantamount to rejection and gives notice to produce the claims with formal endorsement as to refusal, *held* not subject to general demurrer or special exception, because it did not allege that suit was filed within six months after rejection of the claim, as required by Rev. St. art. 464, as it did not show that such limitation had expired. ·

**5. Banks and banking ⬗15—Expiration of limitations not available as defense unless pleaded.**

Failure to bring suit on a claim rejected by the banking commissioner within six months, as required by Rev. St. art. 464, is not available as a defense if not pleaded.

**6. Banks and banking ⬗15—Presentation of claim against depositors' guaranty fund by county auditor held not ground for refusal to establish it.**

That a claim against the depositors' guaranty fund was presented by the county auditor *held* not a ground for refusing to establish it, even if such officer has no authority to make such claims, where the evidence clearly showed that it was presented by him merely as agent of the county.

**7. Judges ⬗44—Trial judge held not disqualified by residence and payment of taxes in plaintiff county.**

In a county's action to establish funds deposited in a bank, closed for liquidation by the banking commissioner, as a general deposit payable from the depositors' guaranty fund, the trial judge was not disqualified because he resided and paid taxes in such county.

**8. Appeal and error ⬗1042(1)—Striking of answer prepared and filed by codefendant's attorney without authority held immaterial.**

That the answer of a bank sued, with the banking commissioner, who had closed it for liquidation to establish a general deposit payable from the depositors' guaranty fund, was stricken out because prepared and filed by the commissioner's attorney without authority, *held* immaterial, where the bank's liability could not be questioned and plaintiff's right to participate in the general disposition of its assets was not in issue.

**9. Banks and banking ⬗15—County funds not payable from guaranty fund unless unsecured and noninterest-bearing.**

County funds deposited in a bank taken over by the banking commissioner for liquidation are not payable from the depositors' guaranty fund merely because they are public funds, but must have been unsecured and noninterest-bearing deposits.

**10. Banks and banking ⬗15—Secured and interest-bearing deposits held not secured by guaranty fund after transfer to noninterest-bearing account.**

Secured and interest-bearing funds deposited by a county, in compliance with Rev. St. art. 2440 et seq., in a bank selected as county depository and making a bond approved and accepted by the county, *held* not secured by the depositor's guaranty fund, in view of article 486, though the commissioners' court had called for a new bond, as authorized by article 2451, and agreed with the bank officers that the fund should be transferred to a noninterest-bearing account.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by Eastland County against J. L. Chapman, Commissioner of Insurance and Banking, and others. Decree for plaintiff, and defendants appeal. Reversed and rendered in part and affirmed in part.

Conner & McRae, of Eastland, W. A. Keeling, Atty. Gen., and John W. Goodwin and Walace Hawkins, Asst. Attys. Gen., for appellants.

Burkett, Orr & McCarty, of Eastland, Bailey, Nickels & Bailey, of Dallas, and Cofer & Cofer, of Austin, for appellee.

HARPER, · C. J. This is an action instituted by Eastland county, Tex., against the Security State ·Bank & Trust Company, the commissioner of insurance and banking, and J. R. Burnett, special agent of the commissioner, to establish as a general deposit certain of its county and school funds, and have them classified as claims entitled to be paid out of the depositors' guaranty fund.

In substance, the petition alleges that August 3, 1921, the defendant bank had complied with the provisions of the bank deposit guaranty statutes, in that its unsecured noninterest-bearing deposits were secured by the depositors' guaranty fund; ·that on said day defendant had on deposit in said bank $629,-847.42, secured by said fund; that on said date the commissioner closed said bank for liquidation; that plaintiff had duly filed its claim; and that it had been rejected by the commissioner. ·

The defenses pleaded will appear in the body of this opinion.

Tried without a jury, and resulted in a decree in favor of plaintiff establishing and classifying its claims as unsecured, noninterest-bearing deposits, secured by the guaranty fund, and directed its payment accordingly.

[1] The first proposition is that the suit cannot be maintained by the county, but must be maintained by the county treasurer as to the county funds. Without writing at length or in detail in answer to the various reasons assigned in support of the proposition, the answer is that, the county being

---

⬗For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the owner of the funds, this suit is properly maintainable in its corporate name. Article 1835, Rev. Civ. Stat.; McConnell v. Wall, 67 Tex. 325, 3 S. W. 287.

[2, 3] The sixth is that the county cannot maintain this suit for the school funds because appellant says such funds were funds belonging to the various districts of the county; had been apportioned; therefore each district should sue for itself. There is no finding of fact, and therefore we may presume that the evidence supports a finding that the moneys deposited by the county in the county depository had not yet been distributed to the several districts. Appellant says they had been apportioned and cites testimony to that effect, but the evidence is that, though apportioned on the books, the funds had not been segregated and credited to the several districts. Therefore the county is the proper party plaintiff. Watson v. El Paso County (Tex. Civ. App.) 202 S. W. 126; Poole v. Burnet County Co., 97 Tex. 77, 76 S. W. 425. Especially is this so in the absence of plea in abatement. Rev. Civ. Stat. art. 1906.

[4, 5] The second is that the petition is subject to general demurrer because it contains no allegation that the suit was filed within six months after rejection of the claim. Article 464, Rev. Stat., provides:

"If the commissioner doubts the justice and validity of any claim, he may reject the same, and serve notice of such rejection upon the claimants, either by mail or by written notice personally served. * * * The action upon the claim so rejected must be brought within six months after such service."

Plaintiff alleged filing of the claims November 22, 1921; "that the commissioner rejected them; that if it be mistaken in this, then that the commissioner had refused to pass upon same, etc.;" that such failure is tantamount to rejection, and gives notice to produce the claims with formal endorsement as to refusal.

This pleading was not subject even to special exception as to the limitation urged, because it does not show that limitation of six months after rejection had expired, and defendant not having pleaded it as a defense, it is not available to him. State Banking Board v. Pilcher (Tex. Civ. App.) 256 S. W. 996.

[6] The third is that the court should not have established the claim because it was presented by the county auditor who had no authority to make such claims.

The county auditor has broad and comprehensive authority under the statute creating the office, but the evidence clearly shows that it was simply presented by him as agent of the county.

[7] Twenty-eighth. Was the trial judge disqualified because of the fact that he resided in Eastland county and paid taxes?

No. City of Dallas v. Evalyn Peacock, 89 Tex. 58, 33 S. W. 220.

[8] Seventh. It would seem to be immaterial to any question on the merits of this action that the answer of the appellant bank was stricken out because prepared and filed by the attorney, for the commissioner without being authorized to do so.

For the reason that, as may be seen by the following facts, copied from appellee's brief, the bank's liability could not be questioned, and the right of the county to participate in the general distribution of its assets is not an issue here. The last question presented by the commissioner is: Under the facts, is the county appellee within that class of depositors whose moneys are secured by the guaranty fund, provided by the statute?

(1) On February 14, 1921, the commissioners' court of Eastland county designated the Security State Bank & Trust Company as the county depository, and said bank entered into bond as required by law.

(2) On April 14, 1921, one of the sureties on the bank's bond presented his application to be released, and the commissioners' court entered an order requiring the Security State Bank & Trust Company to make a new bond, which was tendered and accepted on April 14, 1921.

(3) Subsequent to the approval of the new bond on April 14, 1921, several of the sureties suffered heavy financial losses. As a result, negotiations between the county judge, representing Eastland county, and the officials and directors representing the bank, the commissioners' court made its order and notified said Security State Bank & Trust Company that said bond was not sufficient and required said bank to make a new bond.

(4) In reply to this notice, said Security State Bank & Trust Company, through its duly authorized officers, wrote the letter offered in evidence, by which it was agreed that the county deposits should be placed upon guaranty fund until a satisfactory depository bond should be furnished.

(5) The letters show clearly the nature of the agreement. By inadvertence the formal order was omitted from the minutes of the commissioners' court. As soon as this omission was discovered, the order was entered nunc pro tunc. There is not a bit of evidence impeaching this record (if indeed it is permissible to impeach it here collaterally). The testimony conclusively shows that the order expresses exactly the transaction. Even without the nunc pro tunc entry the letters speak for themselves and show that the commissioners' court agreed with the bank to place the county's funds in a general deposit, unsecured and noninterest-bearing, until the legal demand of the commissioners' court for a sufficient depository bond might be complied with by the bank.

(6) There is no proof that either the bank or the county contemplated a fraud against

the guaranty fund. Mr. Hunt, the active vice president of the bank, wholly fails· to disclose any such intent. The evidence absolutely acquits the county officials of any fraud or knowledge of the condition of the bank.

(7) The public generally had no notice of the condition of the bank, which was receiving deposits daily. The county relied upon its agreement with the bank and subsequent thereto deposited $85,557.83 in the bank, some of it the very day before the bank closed.

(8) On August 2, 1921, said Security Bank & Trust Company closed and its affairs went under the control of the commissioner of insurance and banking. Eastland county at the time had in said bank (as shown by the accounts, the pages of the general deposit ledger) the sum of $556,535.15; and $73,312.-27—total $629,847.42, as sued for.

(9) These claims were filed in due time and form with the commissioner of insurance and banking as unsecured, noninterest-bearing deposits, and the claims were refused.

[9] These statutes do not admit of the construction that a county shall be paid out of this fund by reason of the fact that its funds are public funds. Lion Bonding & Surety Co. v. Commissioner (Tex. Civ. App.) 208 S. W. 542. But if they are . secured by this guaranty fund, it must be because they are unsecured and noninterest-bearing.

[10] Article 486, after providing for immediate payment to the state's guaranty fund from the available assets of the insolvent bank, contains the following:

"Provided, that deposits upon which interest is being paid, or contracted to be paid, directly or indirectly by said bank, its officers or stockholders, to the depositor and deposits otherwise secured, shall not be insured under this chapter, but shall only receive the pro rata amount which may be realized from the assets, resources and collections of and from such banks and trust companies, its stock holders or directors."

These funds were secured and bearing interest up to July 12, 1921, and the bank was closed because insolvent August 3, 1921. Could the acts of the commissioners' court in calling for a new bond and agreeing with the officers of the bank that the funds should be transferred to a noninterest-bearing account operate or have the legal effect to bring the deposit within the statute relied upon?

The county having complied with the statutes (article 2440 et seq.), and the bank having been selected as the county depository and made bond, and same approved and accepted by the county, the bank became the county depository, and such funds as were placed therein by the county were secured and interest-bearing. Article 2451 of the same act provides the steps to be taken when the condition arose, revealed by the facts here—

"If the commissioners' court shall at any time deem it necessary for the protection of the county, it may require any depository to execute a new bond; and, if said new bond be not filed within five days from the time of the service of a copy of said order upon said. depository, the commissioners' court may proceed to the selection of another depository in the manner provided for the selection of a depository at the regular time for such selection."

And there is no other way of handling county funds provided, and no provision for the county to change its deposit to another bank not selected as a depository, nor to change the status of its deposit from interest-bearing and secured· to noninterest-bearing and unsecured. So it must be held that the acts relied on by appellee could not terminate the contract. It is suggested by appellee that this change of the status of the deposits by the agreement between the county commissioners and the bank was a valid exercise of authority, and, even if illegal, yet it creates new rights and a new status which are enforceable, and cites authorities on fraudulent and ultra vires acts of corporations. These have no application here for the reason that these principles of law are applied to the rights of the parties to the specific contract as between themselves; whereas, we are here dealing with the effect of these dealings upon a third party or the guaranty fund provided for specified purposes, and we are of the opinion that these deposits were not by these acts shifted from secured and interest-bearing to unsecured and noninterest-bearing so as to charge the guaranty fund with their payment.

For that reason we hold that the trial court erred in that portion of its judgment which decrees that the judgment in favor of the county, appellee, was payable out of the depositors' guaranty fund of the state; therefore, in that respect the judgment is reversed and here rendered in favor of the commissioner of insurance and banking, and in all other respects affirmed.

Reversed and rendered in part, and affirmed in part.