Sully *v.* Campbell.

## SULLY *v.* CAMPBELL.

### *(Knoxville.* September 25, 1897.)

1. **BILLS AND NOTES.** *Not affected by misconstruction.*

   The legal effect of a joint promise by the makers of a note to pay *in solido* the full amount of the note, cannot be modified by a mistaken belief of the holder and makers that each maker is liable only for a porportional part of the full amount. (*Post, pp. 437, 438.*)

   Case cited and approved: 47 Me., 370 (S. C., 74 Am. Dec., 491).

2. **SAME.** *Joint is joint and several.*

   A note joint in its terms is a joint and several obligation upon which separate and several suits can be maintained against the makers. (*Post, p. 438.*)

   Cases cited and approved: Jarnagin *v.* Stratton, 95 Tenn., 619; Lowry *v.* Hardwick, 4 Hum., 188.

3. **SAME.** *Judgment against one for part does not bar suit against other makers for the whole note.*

   Judgment, without satisfaction, against one of three joint makers of a note, taken for only one-third of the amount, upon the mistaken belief that he was not liable for more, though effectual to protect such maker from suit for balance of note, does not operate to protect his co-makers from suit for the full amount of the note. (*Post, pp. 438–441.*)

   Case cited and approved: 2 Spear's L., 628 (S. C., 42 Am. Dec., 390).

---

FROM WASHINGTON.

---

Appeal from Chancery Court of Washington County. JOHN P. SMITH, Ch.

KIRKPATRICK, WILLIAMS & BOWMAN for Sully.

BURROW BROS. and C. H. JENNINGS for Campbell.

BEARD, J. The complainant, as the holder of a note for $3,600 made by Mathes, Hunt, and Campbell & Pouder, filed this bill against the two last named parties for the purpose of obtaining a personal decree against them for the balance due on this note, and also to secure a foreclosure of a specific lien retained in a deed to certain real estate, for the purchase money of which this note (and one other that has been paid) was executed.

The facts that have brought about this controversy, as far as they need be stated, are as follows: The assignor of the complainant conveyed by deed to Mathes, Hunt, and Campbell & Pouder, certain real estate, stating in the deed that the conveyees took the same in undivided interests of one-third— the defendants, Campbell & Pouder, together, taking one of these thirds. For the purchase money two notes were executed by the vendees, the note sued on being one of them. These notes were in the usual form of joint paper, all the parties agreeing to pay to the payee, or order, the sums specified in them. Notwithstanding the notes were thus written, yet, from the beginning, the parties seemed to have acted upon the assumption that as the vendees took a one-third each in the land, each was liable only for his one-third of these notes. This record discloses that the first of the purchase money notes

was paid by these makers in thirds, and that on the last—the one sued on—Mathes paid one-third of the whole sum due at the date of his payment, Hunt made some payments which were put by the holder to the credit of his one-third, and so with payments made by these defendants. Subsequently, however, Hunt being much in default, the complainant, acting upon the assumption above indicated, filed a bill in the Chancery Court to recover from him the balance due from him on his one-third of the note, and also to sell his undivided interest in the property to satisfy the decree. In his bill complainant alleged that these defendants, as to their one-third, and Mathes as to his one-third of the note, had made an arrangement to his satisfaction, so there was no effort to disturb them or their undivided interests in this realty. That cause proceeded to a sale, under a decree of foreclosure pronounced in accordance with the prayer of the bill, which realized to the complainant an amount far short of discharging his decree. Mathes having paid his assumed share of the original note, and there being a considerable sum due upon the other two-thirds of the note, this bill was filed against Campbell & Pouder to obtain a personal decree against them for this balance, and to enforce the lien against their undivided one-third interest in the property for the payment of that balance. Neither Mathes nor Hunt is a party to this proceeding.

The defendants set up the foregoing facts, and

insist by way of defense: (1) As a matter of fact and law that they have never been bound for more than one-third of this note; (2) that if wrong in this, then that bringing his separate bill against Hunt for one-third of this note and obtaining a decree for the sale, and afterwards selling his one-third, of this real estate, he has, in law, released defendants and their property from any balance due on the Hunt one-third, leaving them liable only for the balance due on their one-third of the note, which they set · out specifically in their answer, and express a willingness to pay.

1. We agree, with the Court of Chancery Appeals, that the first ground of insistence is not well taken. If there was any ambiguity in this note, the words and conduct of the parties might be looked to, in order to enable the Court properly to interpret it. It is, however, in clear and unambiguous terms—the joint promise of the makers to pay *in solido* the fixed sum of $3,600—and the legal effect of this plain undertaking cannot be modified by the mistaken construction placed on the writing by the holder and the makers. While we think the rule here announced is too well established to require in its support a citation of authorities, yet it is not improper to say that the contention made in this case was urged in *Ripley* v. *Croker*, 47 Me., 370 (S. C., 74 Am. Dec., 491), and it was there held where several parties were jointly indebted, and one of them paid a specific share of the debt, under the

misapprehension that it was all he owed, and it was accepted and receipted for by the creditor as such, under a similar misapprehension, that such payment did not exonerate the party making it from his liability for the balance of the debt.

2. But we cannot agree that the defendant's second ground of defense is tenable. The note sued on, though joint in its terms, under the law of this State, where it was executed, is a joint and several obligation. *Jarnagin* v. *Stratton*, 95 Tenn., 619. Its holder could maintain either a joint action against all its makers, or a several action against each one. While at common law a judgment against one of several joint obligors was a merger of the contract, and thus a bar to a subsequent action against his co-obligors, it was otherwise when the contract was joint and several. On such a contract, nothing short of satisfaction would prevent the obligee from maintaining as many suits as there were obligors (1 Her. on Es., Sec., 173); and this is the necessary effect of our statute declaring every contract, though joint in its terms, several as well as joint. *Lowry* v. *Hardwick*, 4 Hum., 188. Nor does the well-established rule that a plaintiff shall not split an indivisible cause of action, apply in this case. The reason of this rule is expressed in the maxim, *nemo debet bis vexari pro una et eadem causa*, and the rule itself was established to prevent the unnecessary vexation of the defendant and to protect him from the burden of the costs of a multiplicity of suits

involving the same cause of action. This rule could be invoked by Hunt, if complainant was here seeking to hold him liable for the balance due on this note, but it cannot avail these defendants, who were not parties to that suit.

But the defendants insist that the separate suit against Hunt, followed by the decree against him and his property, operating to relieve him from the remainder of the debt, as a legal consequence, released them from liability for any balance due on his one-third. In other words, their contention is that this judgment against Hunt had so far the effect of a common law release as to protect them from all liability for the balance which Hunt should have paid. It will be seen that while seeking an analogy in this several or separate judgment against Hunt, with a technical common law release, the defendants fall far short of claiming the full effect of such a release on a joint contract at common law, for we find that they only insist upon a discharge of themselves and property from the balance remaining due from Hunt. But we see nothing in the nature of a release in that proceeding. Instead of a release to Hunt, it is an adjudication against him of liability on this joint and several debt. It is true that this judgment is for an aliquot part, rather than for the whole, of the debt, and that complainant would be barred from maintaining a suit against him for the balance, but this is not because the judgment is in the nature of a release of this balance, but rather

by reason of the policy of the law, which forbids the splitting an indivisible demand. This policy, however, as has been said already, is adopted for the protection of the party so sued; it cannot be successfully invoked by these defendants.

It is very apparent from this record that the holder of this note, as well as it makers, acted under a mistake of law as to the liability of these makers on this paper, and that, at the time payments were made and accepted, all parties understood that a payment of one-third by any one of the obligors would discharge him and his undivided interest in the property from all further obligation. It is equally clear that the suit against Hunt was prosecuted under this misapprehension. But this misapprehension cannot be used to repel complainant when he has discovered his rights, and is now proceeding to enforce them in a proper form.

The case of *Day* v. *Hill*, 2 Spear's L. (So. Car.), 628 (S. C., 42 Am. Dec., 390) is a direct authority on this point. The facts of that case were as follows: H. and B. made a joint and several note. B. was sued, and by mistake, judgment for less than the amount due was recovered against him. This judgment was satisfied and plaintiff sued H. for the balance, and he set up a defense similar, in effect, to that relied on here. Evans, J., delivering the opinion of the Court, said: "I take it to be very clear that the plaintiff is not estopped from bringing his action against this defendant by his judgment

against the other maker of the note. The judgment in that case is a conclusive bar to any other ac.ion against the same defendant for the same cause; yet it is no bar to an action against another -who is severally liable, unless the judgment be paid, and then it will avail the defendant, not by way of estoppel, but as payment or satisfaction of the debt. Satisfaction or payment is no bar unless the whole debt is paid, or something accepted in full of it. For less than this, the defendant is only entitled to a deduction from the debt, for the amount paid, and the plaintiff is entitled to a judgment for the balance."

We think, therefore, the Court of Chancery Appeals was in error in holding that the defendants were liable only for the balance due on their one-third of the note. The decree of that Court is modified, and a decree will be entered against them for the balance due on the whole note, and subjecting their interest in the land to its · payment.

The costs of this Court will be paid by defendants and the costs of the lower Court will remain as adjudged by the Chancellor.