ALDRICH v. BINGHAM.

(District Court, W. D. New York. April 20, 1904.)

1. NATIONAL BANKS—INSOLVENCY—STOCKHOLDERS' LIABILITY—ASSESSMENT—TRANSFERS—INFANT TRANSFEREES.

A transfer of stock in a national bank, while it was a going concern, to the stockholder's infant children, under five years of age, not legally liable to assume all the obligations of stockholders, did not relieve the father from his liability for assessments levied on the stock so transferred after the bank's insolvency.

2. SAME—BANKS—REORGANIZATION AS NATIONAL BANK—CONSENT OF THE STOCKHOLDERS—ESTOPPEL.

Where a stockholder in a state bank, after its reorganization as a national bank, accepted dividends on his individual shares, and in view of the tender age of certain children, to whom he had transferred part of his stock, it might be presumed that he also received dividend checks made payable by the bank to the order of such children, he was estopped to deny his liability for assessments levied on such stock by the comptroller on the insolvency of the bank on the ground that he did not expressly assent to the reorganization of the bank.

Hotchkiss & Bush, for plaintiff.
Daniel V. Murphy, for defendant.

HAZEL, District Judge. This is an action at law, brought by the complainant as receiver of the City National Bank of Buffalo, to enforce the individual liability of a stockholder imposed by section 5151 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3465]. The case has been heard on the pleadings and a written stipulation of facts. The City Bank of Buffalo was incorporated March 17, 1893, under the laws of the state of New York, and was subsequently, on January 26, 1898, reorganized under the national banking act. On April 15, 1893, prior to the reorganization, 27 shares of its stock were issued to the defendant, who thereafter, on September 15, 1896, surrendered the same to the bank, which thereupon, at the defendant's request, issued a certificate for 20 shares to the defendant and one for 7 shares to Charlotte May Bingham, an infant daughter of the defendant, under five years of age. On May 11, 1898, defendant's certificate was again surrendered to the bank, which thereupon, by the defendant's direction, reissued a certificate for 13 shares to the defendant and one for 7 shares to his daughter Helen Bingham, also an infant under the age of 5 years. A dividend was paid to all the stockholders, including the above-mentioned infants, by the bank, on January 2, 1901. Subsequently, on June 29, 1901, the bank, being in-

¶ 1. Liabilities of transferrors and transferees of corporate stock for assessments, see note to General Electric Co. v. International Specialty Co., 61 C. C. A. 332.

solvent, suspended, and passed into the possession of a receiver appointed by the Comptroller of the Currency. An assessment of 50 per cent. of the par value of each share was subsequently ordered, and the receiver made demand upon the defendant to pay his ratable share on the 14 shares of stock previously transferred by him to his infant children. Two questions are submitted for determination: First. Is the defendant liable upon the stock originally assessed to him and subsequently transferred by him to his infant children without fraud or collusion, the bank, through its executive officers, having admittedly had knowledge of the fact that the transferees were infants under the age of five years, and made dividend checks payable to the individual order of the infant stockholders? Second. Assuming the defendant's liability upon the stock so transferred by him, was he relieved from such liability and responsibility because the stock was originally issued by a state bank, he not having expressly assented to its reorganization as a national institution?

1. It is a well-established rule of law that a transfer of stock in a corporation must be made to a person or corporation not only legally capable of holding the stock transferred, but also to one who is legally bound to respond when assessments are made upon the stock, and who may lawfully assume the liabilities of the transferror in relation thereto. It need not necessarily have been transferred to a person who is responsible in the sense that he will be able to financially meet the liabilities imposed upon a stockholder, but it is essential that he shall be legally liable to assume such obligations, and not be at liberty to repudiate them. Upon this point the cases collated at the end of the opinion in Johnson v. Laflin, Fed. Cas. No. 7,393, which involve the liability of a transferror of stock in a national bank, are instructive. A résumé follows:

"An infant cannot become purchaser and transferee of shares so as to relieve transferror of liability as a shareholder (Nickalls v. Merry, L. R. 7 H. L. 530), even although the transfer to the infant be registered (Symons' Case, 5 Ch. App. 298; Weston's Case, Id. 614); but if the infant does not repudiate the transfer on coming of age, he may become liable, though holding as trustee for another (Mitchell's Case, L. R. 9 Eq. 363). The original shareholder remains a shareholder, even in cases where he is entirely innocent of the transaction, and not aware that the shares were being transferred to an infant. Lord Chancellor Hatherley, Weston's Case, 5 Ch. App. 614,620. But a subsequent registered transfer by an infant to an adult may relieve the original seller. Gooch's Case, 8 Ch. App. 266. A director who took stock in the name of his infant children held liable as a contributory. Ex parte Wilson, Id. 45."

The principle of law announced in Johnson v. Laflin to the effect that an infant cannot become purchaser and transferee of shares so as to relieve the transferror of liability as a shareholder has been many times approved, and is applicable to this case. Cook on Stock & Stockholders & Corporation Law, § 250. The right of a shareholder in a solvent national bank to make a valid and absolute transfer and sale of his shares to a person capable in law of holding the same, providing the act or sale is free from fraud, is beyond dispute. Cook on Stock & Stockholders & Corporation Law, § 255. The precise point raised in the present case has been adjudicated adverse to the defendant's contention in Foster v. Chase (C. C.) 75 Fed. 797, and Foster v. Wilson

(C. C.) 75 Fed. 797. The decisions of Judge Wheeler clearly and unmistakably hold that a father buying stock of a national bank in the name of his infant children becomes liable for the assessment because of the incapacity of his children to take the stock and assume consequent liability during their minority. It was there insisted by the defendant that his children were the shareholders, and therefore liable for the assessment. The court, however, held that assent is essential to becoming a shareholder, and that minors have not the legal capacity to make the necessary assent. There is nothing uncertain or ambiguous in the language employed. The doctrine enunciated in the English and American cases as cited above is approved and followed. True, the remedy sought, as defendant suggests, was in equity; but that may be owing to the fact that the suit was brought, not to recover the limit of liability, but to enforce a contribution by numerous stockholders, or only a proportional part thereof. Studebaker v. Perry, 184 U. S. 263, 22 Sup. Ct. 463, 46 L. Ed. 528.

It is vigorously contended that the case at bar is distinguishable from the cases to which attention has been called, and that, accordingly, the general rule is no guide for a proper determination of this controversy. It is insisted that the bank acquiesced in the transfer by the defendant, and recorded the same in its corporate stock book; that such transfer is voidable, and not void, at the election of the infant when he reaches full age. It is undoubtedly the law that, whenever a benefit to an infant is intended as a result of an act done, he has his election, on arriving at full age, either to affirm it or avoid it. From that proposition defendant argues that the transfer or gift was, in legal effect, absolute, and it is wholly out of the power of the transferror to reclaim it. The soundness of this contention is not debatable, nor, indeed, is it denied that generally it will not be presumed that an infant will seek to avoid its obligation because of his infancy. Continental National Bank v. Strauss, 137 N. Y. 148, 32 N. E. 1066. These propositions have little relevancy, conceding, as we must, that the liability of the shareholder in a national bank is not contractual, but rests on a statutory liability which the executive officers of a national bank cannot waive. Aldrich v. Skinner (C. C.) 98 Fed. 375; Aldrich v. McClaine, Id. 378; Witters v. Sowles (C. C.) 32 Fed. 767. The law properly imposes upon shareholders in a national bank a conditional liability as a protection and shield to depositors and general creditors. That protection cannot be removed by sales and transfers of stock to infants or other purchasers who cannot legally contract to accept the same. See Scott v. Deweese, 181 U. S. 220, 21 Sup. Ct. 585, 45 L. Ed. 822. The case of Lucas v. Coe (C. C.) 86 Fed. 972, decided by Judge Coxe, opinion not reported, does not disturb the conclusions here expressed, for the reason that that decision was based upon section 5152 of the Revised Statutes [U. S. Comp. St. 1901, p. 3465], which specially exempts from personal responsibility executors, administrators, guardians, or trustees. No claim is here made by the defendant for relief on that ground.

2. It is not disputed that the bank became subject to all the provisions of the Revised Statutes relating to national banks. The proposition that, as the defendant did not expressly assent to the conversion

of the bank into a national bank, he cannot, therefore, be held liable under the federal statute, is without force, and cannot be maintained. Assuming, without deciding, the materiality of this point, the defendant is nevertheless estopped from asserting his nonliability. It appears from the agreed facts that the later transfer was made after the organization of the bank as a national bank, and thereafter a dividend upon his individual shares was received and accepted by him. In view, moreover, of the tender age of the transferees, it may be presumed that the defendant received and accepted the dividend checks made payable by the bank to the order of his children. Hence his status is that of a shareholder in the national bank with such responsibilities as the law imposes in such case. Keyser v. Hitz, 133 U. S. 138, 10 Sup. Ct. 290, 33 L. Ed. 531. It has been held that, where a state bank is converted into a national bank, there is no actual transfer of property from one bank to another, but rather a continuation of the same body under a changed jurisdiction. City Bank of Poughkeepsie v. Phelps, 97 N. Y. 44, 49 Am. Rep. 513. Even if this were not so, it is thought the point made could not be sustained. Section 5154 of the Revised Statutes [U. S. Comp. St. 1901, p. 3466] clearly points out the way in which a state bank may become a national bank, and a shareholder who is called upon by the comptroller to respond to his liability as a shareholder is not permitted to deny the existence of the legal existence or validity of such corporation. Casey v. Galli, 94 U. S. 673, 24 L. Ed. 168.

The plaintiff is therefore entitled to recover the amount demanded in the complaint, with interest and costs.