AUSTIN, Banking Commissioner, et al. v. BURDEN. (No. 1546.)

Court of Civil Appeals of Texas. Beaumont. May 20, 1927.

1. Banks and banking ⊜⊐15—Joining insolvent bank with banking commissioner in action to recover deposit held not misjoinder.

In action against banking commissioner and insolvent bank to recover unsecured, noninterest-bearing deposit, joining of bank with commissioner *held* not misjoinder of parties, in absence of affirmative showing of injury.

2. Banks and banking ⊜⊐15—Petition by depositor of insolvent bank alleging filing of claim as entitled to be paid from depositor's guaranty fund held good as against general demurrer.

Petition against banking commissioner and insolvent bank pleading incorporation and insolvency of bank, and surrender of affairs to banking commissioner, existence of unsecured, noninterest-bearing deposit, and filing and prosecution of claim as entitled to be paid from depositor's guaranty fund, *held* good as against general demurrer, since necessary intendment of such allegations as against general demurrer was that depositors were secured by guaranty fund.

3. Banks and banking ⊜⊐15—In action to recover unsecured, noninterest-bearing deposit in insolvent bank, proof that bank was guaranty fund bank held admissible under pleadings..

In action against insolvent bank and banking commissioner to recover unsecured, noninterest-bearing deposit, admission of proof that bank was guaranty fund bank *held* not error, where petition was not demurrable for failure to allege more specifically relation to bank to guaranty fund.

4. Banks and banking ⊜⊐15—Evidence that insolvent bank was guaranty fund bank and plaintiff's claim unsecured, noninterest-bearing deposit held to cure any omissions in pleadings as to such matters.

In action against insolvent bank and banking commissioner to recover unsecured, noninterest-bearing deposit, evidence that bank was guaranty fund bank and plaintiff's claim was unsecured, noninterest-bearing deposit, *held* to cure any omissions in pleadings as to such matters.

5. Banks and banking ⊜⊐15—Interest held not recoverable against banking commissioner on claim payable out of depositor's guaranty fund.

In action against banking commissioner and insolvent bank to recover unsecured, noninterest-bearing deposit, in which plaintiff's claim was payable out of depositor's guaranty fund, plaintiff *held* not entitled to recover interest as against commissioner.

6. Banks and banking ⊜⊐15—Decree ordering banking commissioner to pay plaintiff's claim should be modified to remove ambiguity allowing construction giving plaintiff preference over other claims of same classification.

In action against banking commissioner to recover unsecured, noninterest-bearing deposit in insolvent bank, language of decree directing payment of claim "out of the cash on hand and other assets" *held* subject to construction of giving plaintiff preference over other claims of same classification and should be modified to remove ambiguity.

7. Banks and banking ⊜⊐15—Banking commissioner cannot be directed to make payment through banking board out of guaranty fund where banking board is not party (Rev. St. 1925, art. 448).

Trial court's direction to banking commissioner to make payment to plaintiff through banking board out of guaranty fund *held* erroneous in action in which Banking Board was not party, in view of Rev. St. 1925, art. 448.

8. Banks and banking ⊜⊐15—Where banking board is not party court has no jurisdiction beyond classifying plaintiff's deposit and directing payment from bank's assets and of balance in due administration of guaranty fund.

Where banking board is not party to action against banking commissioner to recover deposit payable from guaranty fund, district court has no jurisdiction beyond classifying plaintiff's deposit as unsecured and noninterest-bearing, and directing payment from assets of bank with other claims of same class, and payment of balance in due administration of guaranty fund with other claims of same classification.

9. Banks and banking ⊜⊐48(1)—Bank stockholders cannot be relieved from liability as such by transfer except to one legally bound to meet assessments.

Holder of bank stock can be relieved from liability inherent in such ownership only by showing transfer to one legally bound to respond to all assessments, in view of Const. art. 16, § 16, and Rev. St. 1925, §§ 455, 535, though such transferee need not be financially able to meet stockholders' liability.

10. Husband and wife ⊜⊐98—Married woman can own stock in state bank and be required to pay assessments.

Married woman can own stock in state bank organized under laws of Texas, and, if financially responsible, can be made to pay all constitutional and statutory assessments levied against it.

---

⊜⊐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**11. Banks and banking** ⬡⇒49(8)—**Bank stockholder transferring stock to infant female must show transferee's ratification after marriage to escape assessment of banking commissioner.**

Where banking commissioner sought to hold one who had transferred stock liable for assessment, stock having been transferred to infant female who subsequently married, burden is on original stockholder to show ratification by transferee after marriage.

**12. Banks and banking** ⬡⇒49(7)—**Where banking commissioner sought to enforce assessment against stockholder, defense of transfer to infant female and transferee's ratification after marriage held not available under general denial.**

Where banking commissioner sought to hold stockholder liable for assessment, latter's defense of transfer to infant female and ratification by transferee after marriage was in nature of confession and avoidance and not available under general denial.

Appeal from District Court, Montgomery County; J. L. Manry, Judge.

Action by Mrs. H. R. Burden against Chas. O. Austin, Banking Commissioner, and another, in which defendants filed cross-actions. From the judgment, defendants appeal. Affirmed in part, reformed in part, and reversed and remanded in part.

Jerome Sneed, of Austin, for appellants.
Bryan, Colgin, Suhr & Bering, of Houston, for appellee.

WALKER, J. Appellee instituted this suit in the district court of Montgomery county, Tex., against Chas. O. Austin, banking commissioner, and the First State Bank of Dobbin, Tex., alleging that the bank had voluntarily placed its assets and affairs in the hands of the commissioner for liquidation; that she was an unsecured, noninterest-bearing depositor with the bank, at the time the commissioner took charge of its affairs, and as such prayed judgment for the amount of her deposit. The commissioner and the bank demurred to the petition on the ground of misjoinder of parties and answered by general denial, and the commissioner, by cross-action, asked for judgment against appellee, alleging that at the time the bank failed she was the owner of two shares of the capital stock of the bank, and was therefore liable on the assessment made by him against such stock. The bank also answered by cross-action against appellee.

On trial to the court without a jury the demurrers were overruled, judgment was entered in favor of appellee for the sum of $7,291.63, classifying her claim as an unsecured, noninterest-bearing deposit, and against the commissioner on his cross-action. The bank abandoned its cross-action.

[1] The court did not err in overruling the

exception of the commissioner and the bank to appellee's petition on the ground that the joining of the bank with the commissioner was a misjoinder of parties. The practice of joining the bank as a defendant with the commissioner has the approval of our Courts of Civil Appeals in Chapman v. Eastland County, 260 S. W. 889, and State Banking Board v. Pilcher, 256 S. W. 996, in both of which cases writs of error were granted, and the joining of the banks as defendants was not criticized by the Supreme Court. The joining of the bank as a defendant was not fundamentally erroneous, and, if error, not reversible error, except upon an affirmative showing of injury, which was not made in this case. The bank not only answered by the exception referred to, but made itself a party to the action in an affirmative way by pleading a cross-action against the plaintiff, thereby becoming a proper party to the litigation and rendering harmless the court's ruling on the exception of misjoinder of parties.

[2] By her petition appellee pleaded the incorporation of the bank under the state banking laws, its insolvency, the voluntary surrender of its affairs and effects to the banking commissioner, who took official charge thereof, her deposit in the bank as unsecured, noninterest bearing, the notice by the commissioner, the filing and prosecution of her claim as entitled to be paid out of the depositor's guaranty fund, its wrongful classification by the commissioner, and, further, that her claim "was filed as one coming under the depositors' guaranty fund law of the state of Texas covering unsecured, noninterest-bearing deposits in state banks of the state of Texas." The necessary intendments of these allegations as against a general demurrer were that the depositors in the bank were secured by the guaranty fund, and that appellee's claim was so secured. Chapman v. Mooney (Tex. Civ. App.) 257 S. W. 1106. If appellants desired a more specific allegation as to the relation of the bank to the guaranty fund and that appellee's claim was not changed from an interest-bearing to a noninterest-bearing deposit within 90 days prior to the closing of the bank, it should have been called for by special exception. Her petition was good as against the general demurrer urged.

[3, 4] As the petition was not subject to a general demurrer for failure to allege more specifically the relation of the bank to the guaranty fund, it follows that no error was committed in receiving proof that it was a guaranty fund bank. Any omission in the pleadings on the point discussed was rendered harmless by the evidence, since it was shown without controversy that the First State Bank of Dobbin was a guaranty fund bank; that appellee's claim was an unsecured, noninterest-bearing deposit, and that it had never been interest-bearing.

Appellants have duly reserved their excep-

tions to the following portion of the trial court's decree:

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff do have and recover of and from the commissioner of banking for the state of Texas, Chas. O. Austin, as such commissioner, and of and from the First State Bank of Dobbin, Tex., the sum of $7,291.63, with 6 per cent. interest thereon annually from October 5, 1926, as an unsecured, noninterest-bearing deposit in said bank at the time the same was surrendered to the commissioner of banking, Chas. O. Austin, on February 2, A. D. 1926; that the same be and is hereby established as a general deposit, unsecured and non-interest-bearing, which is protected by the guaranty fund under the state banking laws of the state of Texas; and that the said Chas. O. Austin, as commissioner of banking, be and he is hereby ordered to pay the same, or cause the same to be paid, out of the cash on hand and other assets of the said First State Bank of Dobbin, Tex., and if said cash on hand and other assets of said State Bank of Dobbin, Tex., be insufficient to pay the full amount of same, then the said Chas. O. Austin, as commissioner of banking of the state of Texas, is hereby ordered to pay the balance or cause any such balance to be paid through the banking board of the state of Texas out of the guaranty fund provided for under the state banking laws of the state of Texas."

[5] This decree was erroneous in the following respects:

(a) Appellee was not entitled to recover interest as against the commissioner. Eastland County v. Chapman (Tex. Com. App.) 278 S. W. 425.

[6] (b) The general language directing the commissioner to pay the claim "out of the cash on hand and other assets" of the bank was subject to the construction of giving appellee a preference over other claims of the same classification. This language should be so modified as to remove that ambiguity and to give appellee the right to recover payment with other claimants of the same classification in the due liquidation of the bank.

[7, 8] (c) The court was without jurisdiction to direct the commissioner "to pay the balance or cause any such balance to be paid through the banking board of the state of Texas out of the guaranty fund provided for under the state banking laws of the state of Texas." The banking board was not a party to this suit, and therefore, it follows without further argument that the district court had no jurisdiction of the guaranty fund, which is under the administration of the banking board, and can be used by the commissioner only (quoting from article 448, Revised Statutes) "through the banking board." On the pleadings of appellee, the district court had no jurisdiction beyond classifying appellee's deposit as unsecured and noninterest-bearing, and directing the commissioner to pay the same (a) out of the assets of the bank as and with other claims of the same classification, and (b) the balance to be paid in the due ad-

ministration of the guaranty fund as and with other claims of the same classification.

It is our order that the paragraph of the trial court's judgment above given be reformed to conform with the directions herein given.

On the issue of appellee's liability for the assessment against the two shares of stock formerly carried in her name on the books of the bank, the commissioner of banking pleaded ownership in appellee, a transfer by her to Miss Mabel Burden, an infant, on September 17, 1924, but that this transfer did not release appellee from her liability on the stock, and the due levy of a 100 per cent. assessment against the stock and a charge against appellee's claim for that sum. She answered this plea only by general demurrer and general denial. The evidence showed the due levy of the assessment and the following explanation by appellee of the transfer of the stock:

"Yes, sir; I have grandchildren. I have one by the name of Miss Mabel Burden; I have a granddaughter by that name. I gave her some bank stock, but I could not tell you the year it was, but I gave it to her several years—three or four years—ago. I did not give it to her in her hands, but I told her father to have my stock at that bank transferred to his daughter. It was at the Dobbin bank. It was $200 stock that I gave her. I could not tell you how old she was at that time. I do not remember. I think she was about 16 years old. She is married now and has been married most two years. I gave it to her in good faith. I will give you the facts, the reason I gave it to her: My other grandchildren all older than the one. I had helped them to go to school, and I gave her this bank stock and told her father when she got through with high school, the place she was going to school, to sell this stock and use the money for her education, help educate her, because that would put her on equal with the other grandchildren. In other words, I had helped the others and wanted to help her; that is the reason I gave it to her."

This was all the evidence on the issue. Judgment was rendered against the commissioner of banking on his plea and in favor of appellee relieving her of this charge. The commissioner of banking insists: (1) That the transfer to Miss Burden, an infant, did not relieve appellee of her liability; (2) that appellee did not show a ratification of the gift by Miss Burden after her marriage; (3) that her pleadings by general demurrer and general denial were insufficient to support her defense of transfer and ratification.

Both parties treat the question of appellee's liability for the amount levied against the stock transferred by her to her granddaughter as one of first impression in this state. Under Const. art. 16, § 16; and articles 455 and 535, Revised Statutes, appellee was liable for all amounts levied against this stock while she owned it and for 12 months after its transfer. The Constitution reads: "For

twelve months after the date of any bona fide transfer thereof." Article 535, Revised Statutes, reads: "For twelve months after the date of a transfer thereof."

[9] Did the transfer to Miss Burden bring appellee within these constitutional and statutory provisions? We do not think so. Appellee could be relieved from the liability inherent in the ownership of this stock only by showing a transfer to one legally bound to respond to all assessments made against it. By this we do not mean a transferee financially able to meet the stockholder's liability, but only legally liable and not at liberty to repudiate it. Aldrich v. Bingham (D. C.) 131 F. 364, and authorities there cited, quoting with approval the résumé of note to Johnson v. Laflin, Fed. Cas. No. 7393:

"An infant cannot become purchaser and transferee of shares so as to relieve transferor of liability as a shareholder (Nickalls v. Merry, L. R. 7 H. L. 530), even although the transfer to the infant be registered (Symons' Case, 5 Ch. App. 298; Weston's Case, Id. 614); but if the infant does not repudiate the transfer on coming of age, he may become liable, though holding as trustee for another (Mitchell's Case, L. R. 9 Eq. 363). The original shareholder remains a shareholder, even in cases where he is entirely innocent of the transaction, and not aware that the shares were being transferred to an infant. Lord Chancellor Hatherley, Weston's Case, 5 Ch. App. 614, 620. But a subsequent registered transfer by an infant to an adult may relieve the original seller. Gooch's Case, 8 Ch. App. 266. A director who took stock in the name of his infant children held liable as a contributory. Ex parte Wilson, Id. 45."

The rule is thus stated by Michie on Banks and Banking, vol. 1, p. 169:

"A transfer of stock to exonerate the shareholder from his individual statutory liability must be to a transferee who succeeds to such liability."

An infant is capable of being a donee of property, and when the gift is to his advantage a formal acceptance is not necessary, since the law implies an acceptance, but if the gift is not to his advantage, or becomes a burden to him before he becomes sui juris, the law implies a repudiation. Youngblood v. Hoeffle (Tex. Civ. App.) 201 S. W. 1057. Under the authorities cited the granddaughter prior to her marriage did not succeed to appellee's liability, since she was not legally bound for the assessments. Therefore the gift and transfer, though in the utmost good faith, did not relieve appellee from her stockholder's liability.

[10-12] By her marriage, the granddaughter became duly qualified to hold the stock with the right to all its benefits and subject to all its obligations. A married woman can own stock in a state bank organized under the laws of Texas, and, if financially responsible, can be made to pay all constitutional and statutory assessments levied against it. Chapman v. Pettus (Tex. Civ. App.) 269 S. W. 268. As the granddaughter was not responsible prior to her marriage, a liability could be fixed against her only by showing a ratification of the gift after her marriage. Appellee says the burden rested on the commissioner of banking to show that the gift had not been ratified. The commissioner of banking says that the burden rested on appellee both to plead and prove the ratification. We think he is right. He pleaded a prima facie case, and by proving his allegations made a prima facie case. Under her general denial, appellee could only controvert the facts pleaded by him. But she admitted these facts and sought to avoid their legal effect by showing: (a) A release under a bona fide transfer (but in law this transfer was not within itself a release); and (b) a release by the ratification after the marriage. That defense could be advanced only under an affirmative plea on her part. It was in the nature of a confession and avoidance and not available under her general denial. Had the gift been to one sui juris, there would have been a presumption of liability against the donee, and by pleading such a gift the commissioner of banking would have been under the burden to plead and show that the gift in the first instance was unauthorized, without the knowledge or consent of the donee, and that she had not since acquiesced in or ratified it. Williams v. Vreeland (C. C. A.) 244 F. 351, and authorities there cited. But such was not his plea. He pleaded and proved a prima facie case by uncontroverted facts, which appellee could overcome only by pleading and proving facts destroying the legal effect of the facts pleaded by the commissioner of banking. Where one owning stock in a state bank organized under the laws of Texas gives his stock to an infant, who after the gift becomes sui juris by marriage, and later the donor is sued by the commissioner of banking for a constitutional and statutory assessment duly levied against such stock, the donor must plead and prove ratification of the gift by the donee in order to avoid liability. As appellee neither pleaded nor proved that issue, the judgment in her favor relieving her of the stock assessment is without support, and to this extent the judgment of the trial court is reversed and the cause remanded for a new trial. However, it is our order that this reversal in part shall not postpone the liquidation by the commissioner of banking of appellee's claim as found and classified by the trial court, but he is directed to give this claim its proper classification and forthwith to pay the same with other claims of the same classification in the due liquidation of the bank.

Affirmed in part, reformed in part, and reversed and remanded in part.