ELIZA HYDE, GDN., et al. v. TOM DUNLAP, et al.
and

LINDSLEY WINSTEAD v. TOM DUNLAP, et al.

Middle Section. April 28, 1928.

Petition for Certiorari denied by Supreme Court, December 22, 1928.

B. A. Butler, and W. C. Davidson, of Nashville, for plaintiff in error.

Jeff McCarn, of Nashville, for defendant in error.

CROWNOVER, J.   These two suits are separate causes of action and separate judgments, but for convenience they were tried together on the same evidence in the court below and only one bill of exceptions was filed.

The first action was brought before a Justice of the Peace by Eliza Hyde, Guardian of her nephew, Winstead H. Hyde, a minor, against Tom Dunlap and Robert Dunlap for damages for the conversion of certain personal property, household goods and kitchen furniture, dishes, cooking utensils and chickens, claimed to have been inherited by Winstead H. Hyde from his deceased father, Lewis Hyde.   This case was tried before a Justice of the Peace and was appealed to the circuit court where a judgment was taken by default on June 12, 1922.   A jury was impaneled and assessed his damages at $126.28.

The second action was brought before a Justice of the Peace by Lindsley Winstead against his son-in-law, Tom Dunlap and Robert Dunlap for damages for the conversion of certain personal property, household goods and kitchen furniture and chickens, averred to be the property of said Winstead.   This case was also tried before a Justice of the Peace and was appealed to the circuit court, where a judgment was taken by default on June 12, 1922.   The jury above mentioned was impaneled and assessed plaintiff's damages at $221.08.

Nothing further was done until bills were filed in the chancery court by the plaintiffs to subject the defendant's property to the payment of these judgments, when the defendants Dunlap on February 19, 1923, filed in these cases petitions for writs of error coram nobis, assigning as errors:

(1) That they had no notice of the dates of the trials and final judgments of June 12, 1922, as they did not receive their attorney's letter advising them of the date of trial, and that their said attorney did everything within his power to notify them.

(2) That they owed the plaintiffs nothing, as petitioner Tom Dunlap had purchased the property with his own money.

(3) That plaintiffs had recovered a judgment in a former replevin suit in the circuit court for $220 for this same property, which judgment had been paid and settled.

(4) That their counsel was engaged in the trial of another case at the time when these cases were tried and final judgments were rendered, and they were thereby prevented from making their defenses.

(5) Because the plaintiffs took these default judgments in defendants' absence, when they knew the cases were strongly contested and they therefore took advantage of the absence of petitioners and their attorney.

(6) Because the judgments were entered by accident and mistake as petitioners were deprived of the opportunity of being present and of making defense on account of want of notice.

The plaintiffs' motions to dismiss the writs on the ground of insufficiency of facts stated in the petitions; and, especially for want of sufficient statement of facts as to the fraud, accident, mistake and as to notice, were overruled.

The plaintiffs demurred to the petitions for the reasons, (1) That it was not averred in the petitions that petitioners had no notice of the trial and judgments, (2) that the assignments of errors did not show that petitioners were prevented by disability from showing or correcting the supposed errors complained of, and (3) because the assignments of errors did not aver that petitioners were prevented from making defense on account of fraud, accident, mistake or surprise without fault on their part. These demurrers were overruled.

The plaintiffs then filed a plea or answer to the petitions and practically denied all the material averments, except that the judgments were entered by default. They insisted that plaintiff's counsel was advised of the date of trial, was present when the judgments were rendered, and applied for continuances, which applications were denied by the court. They denied that the former judgment was for the same property and denied that the defendants or either of them owned the property converted.

The cases were tried by the court, without a jury, and the court was of the opinion that the assignments of errors filed by the de-

fendants Dunlap should be sustained, and that upon the facts shown the preponderance of the proof was in favor of the defendants and therefore the former judgments entered were annulled and vacated, and both actions were dismissed at the plaintiffs' cost.

The plaintiffs' motions for new trial were overruled and they appealed in error, and have assigned several errors, which mainly go to the propositions that the trial court erred in not sustaining the plaintiffs' motions to dismiss the petitions and in not sustaining their demurrers and answers to the petitions and the assignments of errors, for the reasons therein set out as hereinabove stated.

The facts necessary to be stated are that Tom Dunlap had married Carrie Hyde, the daughter of Lindsley. Winstead, and she had one minor child, Winstead H. Hyde by a former husband, Lewis Hyde. They lived together for sometime but Carrie Hyde died and after her death a controversy arose as to who was the owner of certain household goods, kitchen furniture, chickens, trunks and personal effects. Tom and Robert Dunlap went to the home of Lindsley Winstead and Eliza Hyde, who was the sister of Carrie Hyde and who was later appointed guardian for her nephew Winstead H. Hyde, and hauled away all of the furniture, goods and personal effects thought to belong to Tom's wife and himself, and afterwards Tom Dunlap replevined from Eliza Hyde other household goods and personalty and kept or disposed of all of the same. Robert Dunlap signed the replevin bond and helped Tom Dunlap haul away the property. The replevin suit was appealed to the circuit court and judgment for $220 was there rendered against the Dunlaps, which was later collected. The present suits were instituted for damages for conversion of the balance of the property, it being insisted that Winstead H. Hyde owned a part of the property, and that Lindsley Winstead, the father-in-law of Tom Dunlap, owned the remainder, and these actions were appealed to the circuit court where judgments were rendered by default as hereinabove set out.

The trial judge having found all the facts in favor of the defendants and there being proof to sustain his finding, we are bound by it; hence there is only one question raised by the assignments of error that is determinative of these lawsuits, that is, whether the petitions for writs of error coram nobis averred facts sufficient to show that the defendants had no notice of the dates of the trials when the default judgments were rendered, and that they were prevented from making defense on account of fraud, accident, mistake or surprise without fault or negligence on their part.

Under Shannon's Code, sec. 4844, the relief under a writ of error coram nobis is confined to errors of fact accruing in proceedings of which the person seeking relief has had no notice, or in which

he was prevented by disability from showing or correcting, or in which he was prevented from making defense by surprise,. accident, mistake or fraud, without fault on his part. See Caruther's History of a Lawsuit (5 Ed.), secs. 302, 309; 34 Corpus Juris, 390, etc.; 23 Cyc., 883, etc.

The petitions averred and is is assigned as error that the defendants Dunlap had no notice of the dates of the trials when the default judgments were rendered, and that their attorney did everything within his power to notify them; that he wrote them of the date but they failed to receive his letter and had no notice of the trials until after the default judgments were entered. The petitions for the writs show good defenses on the merits, which they had no opportunity to make at the trial, and if true were complete defenses, so we are inclined to the opinion that the defendants are entitled to a construction as favorable as is consistent with the provisions of the statute.

A party to a litigation in the circuit court may, by petition for writ of error coram nobis, averring a meritorious claim or defense and by proper allegations of fact of surprise, mistake or accident, have a judgment by default set aside. See Bowling & Power v. Huddleston & Turner, 8 Hig., 339.

The defendants Dunlap insist that the property claimed by Lindsley Winstead was replevined by Dennison & Beasley under title retention notes for the purchase money, and that they have none of that property, and that the property for which Eliza Hyde, Guardian for Winstead Hyde is now suing for conversion, is the same property replevined by Tom Dunlap, for which the $220 judgment was rendered and which was later collected. Tom Dunlap also insists that he had purchased and paid for this property in the lifetime of his wife, and that he was the absolute owner of the same. All these facts are strongly controverted by the plaintiffs in error, but the trial judge has found with the defendants and we are bound by his finding; hence all the assignments of error must be overruled and the judgment affirmed. The cost of appeal is adjudged against the plaintiffs in error for which execution may issue.

The motions for certiorari to the clerk of the circuit court to certify up the prosecution bonds on the petitions for writs of error coram nobis is denied, because it was the duty of plaintiffs in error to have filed certified copies of the bonds when they made suggestion of diminution of the record, and to have suggested the diminution before the cases were called for trial. See rule 20, 1 Tenn. Appeals Reports V.

DeWitt, J., and Henderson, Spcl. J., concur.