M. F. ROSE et al. v. S. N. MORROW et al.

Middle Section. September 28, 1929.

Petition for Certiorari denied by Supreme Court, March 1, 1930.

True & Dorsey, of Springfield, for appellants, Rose et al.
Hardin H. Cohn, of Springfield, for appellee, Mrs. Holland.

CROWNOVER, J. The original bill was filed in this cause to enforce the statutory liability of the stockholders of the Peoples Bank of Springfield under Chapter 54 of Acts of 1909. Several of the defendants demurred to the bill and raised questions as to their liability under the construction of said statute. The Chancellor sustained the demurrer and dismissed the bill. The complainants appealed, and the Supreme Court upheld the validity of the statute, overruled the demurrer, sustained the bill and remanded the cause for further proceedings, all of which is set out in a written opinion styled Rose v. Morrow, 153 Tenn., 97, 283 S. W., 379.

After said cause was remanded on procedendo, a pro confesso was taken and a final decree for $1200 and interest was entered against the defendant, Mrs. Maud Holland, on May 10, 1926, and execution was issued on September 18, 1926.

On November 9, 1926, Mrs. Maud Holland filed a petition for writ of error coram nobis, seeking to review said decree, on the ground of surprise, accident and mistake, and alleged in her petition

that she inherited from her father twelve shares of stock in said bank of the par value of $100 each, and on May 21, 1919, she gave and assigned six shares of said stock to her daughter, Mrs. Gladys Holland Padfield, who was then nineteen years of age, and that petitioner's original certificate for twelve shares of stock was surrendered to the bank officials and two new certificates of stock for six shares each were issued and delivered to petitioner and her daughter on May 21, 1919. She alleged that her daughter held said stock, collected the dividends thereon each year thereafter until the bank became insolvent and was placed in the hands of a receiver on February 15, 1924, and at which time she was the owner of only six shares of stock of the par value of one hundred dollars per share, hence her statutory liability should have been only $600.

She further alleged in her petition that it was alleged in the complainants' original bill that she was the owner of six shares of stock and that her daughter was the owner of six shares of stock, each was therefore liable for $600, and that she understood from the officer who served the process upon her that the suit was brought against her to recover only $600, that the officer did not leave a copy of the bill with her and she understood very little about the matter but told her husband on his return home about the incident, and he talked to one of the counsel for complainant Rose, who told him that a test case was being made, that demurrers had been filed and that a test case was being made for the Supreme Court, and if that court should decide that the stockholders were liable that she would be notified in plenty of time so that she might arrange settlement, that she understood that the bill had been demurred to by several parties and that nothing could be done until after the case was decided by the Supreme Court, and for these reasons she did not employ counsel to look after her case, as she knew that she only owned six shares and would be liable for only $600 in the event the Supreme Court upheld the statute, and that she did not understand that she was being sued for $1200. Resting upon these assurances, she lost sight of the case and was not informed of the decision of the Supreme Court until some time after the final decree for $1200 was entered against her.

The demurrer filed by complainants Rose and others was overruled and they filed an answer to the petition, denying that she was entitled to any relief for the reason that she had no meritorious defense to the bill, and alleging that she gave no sufficient reason for not making defense and was guilty of negligence.

At the hearing upon the petition, pleadings and proof, the Chancellor held that the allegations of the petition were sustained by the record and proof, and he set aside the former decree and rendered

a decree against the defendant Mrs. Holland for only $600, with interest from July 15, 1924.

The complainants, Rose and others, appealed to this court and have assigned eleven errors, by which it was insisted that there were no facts to justify the Chancellor in setting aside the decree, and that he erred in rendering a decree for only $600 with interest, because there was no meritorious defense or sufficient reasons given for not making defense to the original bill before the final decree was entered, and that she was guilty of negligence in not making defense at the proper time.

It will thus be seen that there are only two determinative propositions in this suit, first, has she a meritorious defense to the suit for $1200, and, second, was she entitled to a writ of error coram nobis?

On the first proposition we are of the opinion that she has a meritorious defense. It has been held in a number of cases that where there is a statutory liability of the stockholder not only to the extent of the stock, but, in addition, individual liability to the extent of the par value of the stock, the stockholder cannot escape liability by assigning or transferring the same to one under disability, such as an infant, because assent is essential to becoming a stockholder. An infant who has subscribed for or purchased stock in a corporation cannot be held liable to creditors of the corporation as a stockholder unless he has expressly or impliedly affirmed the contract of subscription or purchase after attaining his majority; but may impliedly affirm the same, and become liable, if he acts as a stockholder or continues to hold the stock after attaining his majority. 6 Fletcher Cyc., Corporations, 7264, Sec. 4187.

> "In order to relieve the transferrer from his statutory liability or from liability for the balance due on his stock, the transfer must not only be made to a person legally capable of holding the stock transferred, but also to one who is legally capable of assuming the obligations of a stockholder, and who is not at liberty to repudiate them. So a person who transfers stock to an infant will remain liable to creditors unless the infant has in the meantime attained his majority and ratified the transfer, even though the corporation was solvent when the transfer was made." See 6 Fletcher Cyc. Corporations, 7307, Sec. 4203.

But where stock is transferred to an infant and held until after the infant reaches his majority, and dividends are collected thereon, then the infant ratifies the transfer and is subject to the statutory liability. See Aldrich v. Bingham, 131 Fed., 363; Foster v. Lin-

coln's Extr., 79 Fed., 170; Fletcher Cyc. Corporations (1928 Supp.), 576, Sec. 4187; Commissioner of Banks v. Tremont Trust Co., 259 Mass., 162, 156 N. E., 7; Austin v. Burden (Tex.), 297 S. W., 648.

We are of the opinion that these authorities are conclusive. It is shown in this record that Mrs. Padfield held this stock for three years after she attained her majority and collected dividends each year thereafter until the bank was placed in the hands of a receiver.

The second proposition, that the petitioner, Mrs. Maud Holland, showed no sufficient reason for not making defense to the original bill, and that she was not free from negligence, presents a more serious proposition. But, after careful review of the record and the authorities, we are of the opinion that she has shown a sufficient excuse for not making her defense to the original bill and that she is not guilty of negligence. It is shown that she, being a lady, did not understand the nature of the proceedings, the officer did not leave a copy of the bill with her, but she and he were under the impression that it was sought to recover only her statutory liability for six shares of stock. She told her husband about it and he called up the solicitor for complainants, who told him that a test case was being made and that nothing could be done until the matter was decided by the Supreme Court. The amount or the extent of the liability was not discussed between them, but Mrs. Holland and her husband learned from other sources that several of the stockholders had demurred to the bill, which demurrer had been sustained by the Chancellor, and the case had been appealed to the Supreme Court, and a test case would be made. She was not informed of the Supreme Court's decision until after the first decree for $1200 was rendered against her, and her husband on ascertaining that judgment for $1200 instead of $600 had been rendered, employed counsel for her and she filed this petition. She states that she knew that she was liable for $600 unless relieved by the Supreme Court and that she was ready to pay this $600 when the matter was settled. We can see where a layman might be confused about the allegations in the bill, as it was alleged that Mrs. Holland was the owner of six shares and that her daughter, Mrs. Gladys Holland Padfield, was also the owner of six shares, and that each was liable under the statute, but it was later on alleged in the bill that Mrs. Padfield was a minor at the time of the transfer of the six shares and therefore Mrs. Holland was liable for the whole twelve shares, or if she was not liable for that amount, then each one was liable for the par value of the respective six shares. Hence, taking the matter all together, we are of the opinion that she has shown sufficient reasons for not employing an attorney and making defense to the original bill.

The older cases rather rigidly construed the statute with respect to obtaining a writ of error coram nobis, and dismissed cases unless the parties strictly showed sufficient reasons for not making defense at the time. But Justice Chambliss in the case of Bolling & Power v. Huddleston & Turner, 8 Higgins, 341, stated:

"It is difficult to lay down any hard and fast rule as to exactly what state of facts will bring a petitioner within this limitation. To more or less extent, every case stands upon its own facts. However, as already intimated, whenever it appears that the petitioner has a meritorious defense which he has for any reason failed to have an opportunity to make on the trial, we are inclined to the opinion that he is entitled to a construction as favorable as is consistent with the provisions of the statute of the allegations made by the petitioner by which he seeks to show surprise, accident, mistake, or fraud without fault."

This principle has been followed in other recent cases. Johnson City v. Unaka Milling Co., 7 Higgins, 490; the opinion of this Court in the case of Eliza Hyde, Gdn., v. Tom Dunlap et al., Davidson County Law, decided on April 28, 1928, 8 Tenn. App., 260; the opinion of this court, rendered by Judge DeWitt, on July 31, 1929, in the case of Vale Henry et al. v. John E. Collins, Davidson County Law.

We are of the opinion that none of the assignments of error is well made and all of them must be overruled.

It results that the decree of the Chancellor is affirmed and a decree will be entered in this court for $600 together with interest thereon from July 15, 1924, in favor of M. F. Rose and others and against Mrs. Maud Holland. Costs of the cause in the court below incident to making Mrs. Holland a defendant are adjudged against her, but the costs of the appeal are adjudged against the complainants M. F. Rose and others. Executions will issue accordingly.

## MEMORANDUM OPINION ON PETITION TO REHEAR.

Since the filing of the opinion in this cause appellants have filed a petition to rehear, on the ground that the court had overlooked the first assignment of error, to the effect that the Chancellor had overruled their demurrer to the petition for writ of error coram nobis because it did not make Mrs. Padfield, the transferee of six shares of the stock, a party to the petition, and it is insisted that she was a proper and necessary party. It will be observed that this court expressly overruled all the assignments of error, and we, therefore, held in the original opinion that this assignment was not good.

Since the filing of this petition, we have again examined the record and considered this assignment of error. But we are constrained to adhere to our former ruling. After a decree has been entered and a petition for writ of error coram nobis is filed, it is in the nature of a new suit to this extent. Wills v. Wills, 104 Tenn., 382, 387, 58 S. W., 301, and authorities there cited. In a suit of this kind, where there are numerous parties to the original suit, with different rights and liabilities, as set out in the original opinion of the Supreme Court in the case of Rose v. Morrow, 153 Tenn., 97, it is not necessary to make all of them parties to a petition for writ of error coram nobis. It is only necessary to make the parties who have rights against Mrs. Holland and who may be prejudiced by the vacating of the original decree parties to this petition for writ of error coram nobis. Their rights are not prejudiced by not making Mrs. Padfield a party defendant. The adjudication of Mrs. Holland's liability for $1200 or $600 can in no way affect the liability of Mrs. Padfield. In a suit to enforce the statutory liability of stockholders, the depositors are entitled to a decree against each stockholder for the amount of each deposit to the extent of the stockholder's liability as set out in chapter 54 of the Acts of 1909. But, if a depositor collects his judgment against one of the stockholders, then, it is satisfaction as to the others. Caruthers' History of a Lawsuit (5 Ed.), 43: Sully v. Campbell, 99 Tenn., 434, 441, 42 S. W., 15.

In this case a pro confesso was taken against Mrs. Padfield, then the original decree for $1259.40 was rendered against Mrs. Holland. In that decree it was expressly stated that "this cause is retained in court for such other orders or decrees as may be necessary and proper." At this stage of the case Mrs. Holland filed her petition for a writ of error coram nobis, with the result that it was held by the Chancellor that the original decree for $1259.40 should be vacated and that a decree should be entered against Mrs. Holland for only $600 with interest, as set out in the original opinion. The adjudication of Mrs. Holland's liability in the lower court and on appeal in no way affects the depositors' rights against, or the liability of Mrs. Padfield, and the depositors have, so far as the record shows, a right to proceed against Mrs. Padfield in the chancery court irrespective of the appeal.

It results that the petition for a rehearing must be denied.

Faw, P. J., and DeWitt, J., concur.